UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ADRIAN L. JACKSON,

    Plaintiff,

v.                                        06-3121

KEVIN WINTERS et al.,

    Defendants.

### Order Denying Petition to Proceed In Forma Pauperis

The plaintiff seeks leave to proceed *in forma pauperis* on his claim that the defendants refused to give him the interest and other income accrued on his prison account when he was released from prison. The plaintiff alleges that 730 ILCS 5/3-4-3 entitles him to this interest. He appears to allege that he filed a mandamus action in Illinois seeking the money, but he may instead be saying only that he mailed a mandamus complaint to the defendants.

The plaintiff was not incarcerated when he filed this case, so the Prison Litigation Reform Act does not apply to him. However, leave to proceed *in forma pauperis* is not proper if the plaintiff does not state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

An inmate may have a constitutionally protected property interest in his prison account funds that arises from 730 ILCS 5/3-4-3. *See Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986); *Webb v. Lane*, 222 Ill.App.3d 322 (5th Dist. 1991). That right, however, does not extend to *interest or income* earned on the account. Section 5/3-4-3 provides that interest on a juvenile's account accrues to that juvenile's individual account, up to $200.00, but "[f]or an individual in an institution or facility of the Adult Division the interest shall accrue to the Residents' Benefit Fund." *Accord* 20 Ill. Admin. Code 205.20. That means that the interest accrued on the plaintiff's account (if any)[1] went to the Residents' Benefit Fund, not to the plaintiff's individual account.

If the plaintiff is saying that he did not receive the funds in his inmate account that he *is* entitled to under 730 ILCS 5/3-4-3, then he has state remedies to pursue for that random and unauthorized deprivation. *See Stewart v. McGinnis*, 5 F.3d 1031 (7th Cir. 1993)(Illinois Court of Claims). As long as state remedies are available for the unauthorized taking of the plaintiff's property, there is no *federal* claim (that is, no violation of the U.S. Constitution). *Hudson v.*

---

[1] It is hard to understand how the plaintiff's account could have earned any interest, given that his petition to proceed *in forma pauperis* in a recent prior case show a negative balance in his prison trust fund account from June 1, 2004 through May 5, 2005 (-$253.71). *Jackson v. Winters*, 05-cv-3109 (C.D. Ill. 2005). The Court accepts the allegation at face value at this stage.

*Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194 (1984); *see also Parratt v. Taylor*, 451 US 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).  Because the plaintiff states no *federal* claim, this court does not have the power to decide whatever state claims the plaintiff may have (i.e., the court lacks jurisdiction).

　　　　IT IS THEREFORE ORDERED THAT the plaintiff's petition to proceed *in forma pauperis* is denied because his Complaint fails to state a federal claim upon which relief might be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  This case is dismissed for failure to pay the filing fee.  All pending motions are denied as moot and this case is terminated.

Entered this    21st    Day of    June    , 2006.

　　　　　　　　　　　　　　　　　　　　**s\Harold A. Baker**

　　　　　　　　　　　　　　　　　　　　HAROLD A. BAKER
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE